IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| **Leenoris Barnes and Audrey Barnes,** | § | **Case No. 05-43336** |
| **Debtors.** | § | |

## MEMORANDUM OPINION REGARDING CLAIM OBJECTION

On January 8, 2007, the Court conducted a trial on the Debtors' objection to Adrian Roper's claim filed in this case. The claim should be allowed in part and denied in part.

### Jurisdiction and Procedure

The Court has jurisdiction over this claim objection pursuant to 28 U.S.C. § 1334(a). An objection to a claim is a core matter under 28 U.S.C. § 157(b)(2)(B). The objection to claim is a contested matter. FED. R. BANKR. P. 9014(a), 7001.

Roper filed a proof of claim in the amount of $237,750 on April 11, 2006. The proof of claim was amended on August 28, 2006. On May 11, 2006, the debtors objected to the proof of claim. The parties were allowed to undertake discovery on the objection. An evidentiary hearing was conducted on January 8, 2007. At the hearing, the debtors called two witnesses and Roper called three witnesses. Twenty-nine exhibits were offered and admitted into evidence.

### Requests for Admission

On August 23, 2006, Roper served requests for admission. The debtors acknowledge receipt by their counsel. The requests for admission were not answered. Federal Rule of Bankruptcy Procedure 7036 provides that Rule 36 of the Federal Rules of Civil Procedure is applicable to bankruptcy proceedings. Although Rule 7036 appears to be limited solely to adversary proceedings, Federal Rule of Bankruptcy Procedure 9014(c) extends the application of Rule 36 to all contested matters under the Code. Thus, Rule 36 applies to this contested matter.

Under Rule 36, a party may serve requests for admission. If the requests are not answered, the "matter is admitted unless" a response is filed or an objection is filed. FED. R. CIV. P. 36(a). Admissions are "conclusively established" at trial unless the court on motion permits withdrawal or amendment of the admission. FED. R. CIV. P. 36(b). The Fifth Circuit applies Rule 36 strictly:

> An admission that is not withdrawn or amended cannot be rebutted by contrary testimony or ignored by the ... court simply because it finds the evidence presented by the party against whom the admission operates more credible. This conclusive effect applies equally to those admissions made affirmatively and those established by default, even if the matters admitted relate to material facts that defeat a party's claim.

*Am. Auto. Assoc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).

No motion to amend or withdraw the admissions was filed. The matters admitted are "conclusively established."

### Components of Proof of Claim

The proof of claim asserts liability on five different theories. First, liability in the amount of $75,000 is asserted pursuant to a written consulting contract executed by Barnes & Associates, L.L.C. Second, liability in the amount of $75,000 is asserted pursuant to an oral consulting contract with Value One Healthcare Network, L.L.C. Third, liability in the amount of $55,000 is asserted by virtue of an orally-created general partnership between Leenoris Barnes and Roper. Fourth, liability in the amount of $15,000 is asserted for expenses advanced by Roper to Barnes' businesses. Fifth, liability is asserted for costs and attorneys fees.

The Court separately considers each theory.

## Written Consulting Contract

On October 1, 2004, Barnes & Associates, L.L.C. and Roper executed a Consulting Services Agreement. Although it operated under the name "Barnes & Associates, L.L.C., there is no dispute that the LLC was never formed. Barnes & Associates was a d.b.a. for Leenoris Barnes.

Barnes alleges that the consulting contract was executed at a time when Barnes' related businesses were in great financial difficulty. Barnes alleges that the purpose of the consulting contract was to give payment assurances to Roper that Barnes would stand behind the payment obligations of the related, financially-troubled entities. Roper testified that the contract was a separate agreement, intended to operate separately from other obligations.

Barnes is a highly sophisticated businessman. Had he intended to guaranty obligations, he could have executed a guaranty. Moreover, the contract contains no statement that would imply that it is a guaranty. The Court sees no reason to vary the terms of the contract. The Court accepts Roper's testimony with respect to the contract.

Moreover, Roper has "conclusively established" all elements of his claim by the unanswered requests for admission. By failing to answer the requests, Barnes admits that he owes $75,000 to Roper on account of the Barnes & Associates consulting contract.

## Oral Consulting Contract

Roper alleges that he had an oral consulting contract with Value One Healthcare Network, LLC, and that the oral consulting contract with Value One was on identical terms to the written contract with Barnes & Associates. There is some evidence to support this claim. Roper delivered monthly statements to Barnes reflecting an amount due from Value One.

However, Barnes never paid any of the monthly invoices and there is no evidence that Barnes ever acknowledged this obligation.

Judge Bohm recently explained how the burden of proof is allocated in a claim objection proceeding:

> "Sections 501 and 502 of the Bankruptcy Code and Bankruptcy Rule 3001 provide that 'a party correctly filing a proof of claim is deemed to have established a prima facie case against the debtor's assets." *Armstrong*, 320 B.R. at 102 (Bankr.N.D.Tex.2005) (quoting *California State Bd. of Equalization v. Official Unsecured Creditors' Comm. (In re Fid. Holding Co.)*, 837 F.2d 696, 698 (5th Cir.1988)). Unless the objecting party produces evidence rebutting the claim, the claimant will prevail. *Id. (citing Fid. Holding Co.*, 837 F.2d at 698). If the objecting party produces rebuttal evidence, then the claimant must produce additional evidence to prove its claim by a preponderance of the evidence. *Id.* at 102-03 (citing *Fid. Holding Co.*, 837 F.2d at 698). "However, the ultimate burden of proof lies with the party who would bear the burden if the dispute arose outside of the bankruptcy context." *Id. (citing Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000)).

*In re Nazu,* 350 B.R. 304 (Bankr. S.D. Tex. 2004).

There was substantial evidence introduced by Barnes to question the validity of the Value One portion of the proof of claim. Accordingly, the "ultimate burden" of proof rested on Roper. The Court must evaluate the evidence to determine whether Roper has met his burden of proof with respect to the Value One portion of the claim. Taken as a whole, the Court does not find that the evidence at the hearing, exclusive of admissions, met Roper's burden of proof. Nevertheless, the requests for admission cannot be ignored. In the requests for admission, Barnes admits that Value One agreed to pay $6,250 per month as compensation to Roper. He also admits that services were performed, that the contract was breached and that $75,000 was owed. Nevertheless, the admissions with respect to Value One only admit that someone (not necessarily Barnes) breached the Value One contract. Each admission relies on the use of the pronoun "you". "You" is defined to include Barnes as well as "any entity in which Leenoris

Barnes" had an interest in between January 1, 2004 and today." Accordingly, the conclusively established admissions only establish liability against Value One.

Roper attempts to rely on the fact that Value One forfeited its charter on or about February 3, 2006. The charter forfeiture occurred *after* the debt to Roper was incurred. Forfeiture of a charter does not impose liability on Barnes for the pre-existing debts of Value One. *Williams v. Adams,* 74 S.W.3d 437 (Tex. App.—Corpus Christi 2002, rev. denied).

Accordingly, the objection to that portion of the proof of claim applicable to Value One is sustained.

## Partnership Liability

Roper alleges that a partnership was formed with Barnes to provide lawn care services to the Houston Independent School District. The evidence is unambiguous that formation of a partnership was discussed. However, the parties never agreed on essential terms of the partnership. The parties never agreed on capital contributions or loss sharing. No partnership bank account was ever opened. The Court finds that, absent the admissions, the evidence was insufficient to establish the formation of a partnership.

Nevertheless, the admissions conclusively establish the formation of the partnership. Barnes admits that he had a partnership agreement with Roper relating to the HISD contract with Aramark. He admits that an entity breached the partnership agreement "by failing to pay Claimant for services rendered for the partnership." He admits that an entity owes $55,000 to Roper on account of the services rendered.

As set forth above, the term "you" is ambiguous in the requests for admission. Among other things, the term "you" includes the partnership itself. The Court must determine the legal effect of the conclusively established facts in the requests for admission. The admissions do not

include any admission that Roper is entitled to a share of partnership profits. There is no evidence of any partnership profit. Instead, the admissions only prove that Roper provided $55,000 of services to the partnership and that he was not paid for those services.

The only evidence with respect to the profit sharing and loss sharing percentage in the partnership was testimony by Roper that he was to receive 100% of the profits for the first six months. The Texas Revised Partnership Act ("TRPA")[1] governs the relations between partners unless a partnership agreement provides otherwise. TEX. REV. CIV. STAT. art. 6132b-1.03(a). The TRPA provides that each partner is responsible for a share of the partnership's losses in proportion to the partner's share of the profits. *Id.* at 4.01(b). As a result, Roper is personally responsible for 100% of the partnership losses for the first six months. There is no evidence of a partnership agreement with respect to profit and loss sharing after the first six months. When the partners have not agreed on the percentage of interests owned in a partnership, Texas law presumes that the partners own equal shares. *Id.*; *Dunn v. Summerville,* 669 S.W.2d 319 (Tex. 1984). Moreover, Texas law imposes a contribution obligation on each partner of a general partnership. *Park Cities Corp. v. Byrd,* 534 S.W.2d 668 (Tex. 1976).

The Court concludes that the partnership owes $55,000 to Roper for services performed during the first year of the partnership. Because there is no evidence concerning the exact timing of Roper's services, the Court presumes that they were provided uniformly throughout the year. As a result, Roper is fully responsible for the first half of his services rendered during the first six months ($27,500). Roper is additionally responsible for one-half of the services rendered during

---

[1] The Texas Business Organizations Code (BOC), enacted in 2003, codifies the TRPA. The BOC became effective on January 1, 2006 and applies to all new general partnerships formed on or after that date. The TRPA continues to govern existing general partnerships formed prior to January 1, 2006, until January 1, 2010 when existing entities automatically become subject to the BOC unless the partnership elects to be governed by the BOC prior to January 1, 2010. All American was formed prior to January 1, 2006, and there is no evidence that the partnership elected to be governed by the BOC. Accordingly, the TRPA governs the All American partnership to the extent the partnership agreement does not otherwise provide.

the second six months ($13,750). Accordingly, Roper is personally responsible for $41,250. The proof of claim with respect to the partnership claim is allowed to the extent of $13,750.

### Expenses

Roper alleges that he advanced $15,000 of expenses to Barnes. Barnes does not deny this. The requests for admission "conclusively establish" that Barnes owes Roper the $15,000 for "moneys he advanced to purchase equipment and/or supplies for Barnes & Associates." The $15,000 is an allowed portion of the claim.

### Legal Fees

Roper seeks to recover his post-petition legal fees against Barnes. Roper is an unsecured creditor. Absent special circumstances, unsecured creditors may not recover their attorneys fees in a bankruptcy case. *In re Nair,* 320 B.R. 119 (Bankr. S.D. Tex. 2004), *aff'd,* 2006 WL 2985937 (5th Cir. Oct. 18, 2006*).* In closing argument, Roper's counsel was unable to articulate a legal basis for the claim for attorneys fees. The claim for attorneys fees is not allowed.

### Separate Order

The Court will issue a separate order.

Signed at Houston, Texas on January 9, 2007.

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE